FELIPA HERRERA CRESPIN, APPELLANT, V. NEWELL R. WILCOX ET AL., APPELLEES.

FILED MARCH 9, 1934. No. 28817.

*Thomas Ryan* and *Grenville P. North,* for appellant.

*Lee & Bremers* and *Crofoot, Fraser, Connolly & Stryker,* contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ.

ROSE, J.

The sufficiency of the petition to state a cause of action is the question presented by the record in this case.

Plaintiff, Felipa Herrera Crespin, sued George W. Pratt, Newell R. Wilcox, J. G. Bushnell and Standard Accident

Insurance Company for a conspiracy to defraud her, for an accounting in equity to determine how much each conspirator owes her, for a recovery of damages resulting from the conspiracy, for equitable relief from abuses of confidential relations between attorney and client and between guardian and ward, and for recovery of title to undescribed real estate purchased in the names of the conspirators with money belonging to plaintiff.

General demurrers to the petition were sustained. Plaintiff stood upon her petition and the action was dismissed. Plaintiff appealed.

It may be inferred from the petition that Pratt was attorney for plaintiff when the alleged conspiracy was formed; that the county court of Douglas county appointed Wilcox guardian of plaintiff's property; that the insurance company bonded Wilcox as guardian. The record does not show that Bushnell was summoned or that he entered his appearance.

Plaintiff alleged in her petition that, prior to March 20, 1929, the government of the United States gave her, as widow of a soldier of the World War, a check for $7,200; that she indorsed the check to the Sisters of the Good Shepherd; that, to procure her money from them, Pratt was employed as her attorney and collected from them for her approximately $7,200; that on March 20, 1929, he prepared and filed with the county court of Douglas county the following application which plaintiff signed and verified:

"Comes now Felipa Herrera Crespin, and shows to the court: That she has recently come into possession of a quantity of money; that she is not accustomed to the handling of money, and knows very little of the value of the same; that she desires to have the protection of the court in the handling of her funds, and believes that a guardian appointed for the purpose of looking after her money or property, of whatever nature it may be, would be of great assistance to her, and for these reasons, she

prays the court for an order, appointing Newell R. Wilcox as the guardian of her property, said applicant consenting that said appointment be made immediately, and for such other and further order as to the court may seem just and equitable."

It was further alleged in general terms by plaintiff that the county court, without jurisdiction, entered void orders respecting her property; that money of plaintiff in the sum of $7,200 was turned over to defendants; that no valid order for disbursement thereof has ever been made; that plaintiff does not know where all her funds have gone or how much each defendant received; that a portion of her money has been invested in real estate in the name of Pratt and other portions have been invested in real estate in the names of the other defendants.

It may be inferred from general language of the petition that the acts and judicial orders through which the money of plaintiff passed out of her hands into the hands of defendants were results of the alleged conspiracy. The substance of the conspiracy is that defendants agreed among themselves to procure plaintiff's money for their own use without consideration.

The petition as a whole seems to be fatally defective. The county court is a court of record and of original jurisdiction in matters relating to the appointing and directing of guardians. In the exercise of power to appoint a guardian the county court's judgment is not open to collateral attack merely because it does not recite on its face the jurisdictional facts. The same is true of orders directing distribution of a ward's property. The petition shows further that the county court made orders respecting the identical property which plaintiff now seeks to recover. What those orders were is not stated. The legitimate inference is they were made for her benefit. For anything shown by the petition, those orders may have directed payment of her own money to her or for her own support pursuant to her own applications and

she may be asking now for money which she has received pursuant to a valid order of the county court. The real estate which she seeks to recover may be security for her own money, pursuant to a valid order of the county court. The law presumes the validity of such orders in absence of ·specific facts. showing the contrary. The petition herein shows on its face that plaintiff signed and verified the application for the appointment of Wilcox as guardian of her property. She, herself, thus invoked the power which the county court exercised. There is no fact stated which shows that she made a mistake or that she was incompetent to so act, or that her attorney misled her, or acted in bad faith, or deceived her in respect to her application for a guardian for her property. In view of facts which she herself pleaded herein, her general allegation that her attorney acted pursuant to a conspiracy is a mere conclusion. The petition not only fails to show fraud in the making of the application for a guardian or in judicial orders respecting her property, but it fails to show that whatever was done in the county court was not done at her own request for her own best interest. The petition does not show any specific fact which will prevent her from obtaining full redress in the county court, if she has been wronged there by the exercise of judicial power which she herself invoked without fraud, duress or abuse of trust on the part of any fiduciary acting for her. Moreover, she has not stated any fact showing that she is not fully protected by the bond of the guardian.· The general allegations of conspiracy and of resulting damage are negatived by other allegations of facts and the law applicable thereto. For the reasons stated, the conclusion is that the demurrers were properly sustained.

AFFIRMED.